Bridget Psarianos (AK Bar No. 1705025)
Suzanne Bostrom (AK Bar No. 1011068)
Brook Brisson (AK Bar No. 0905013)
TRUSTEES FOR ALASKA
121 W. Fireweed Lane, Suite 105
Anchorage, AK 99503
Phone: (907) 276-4244
Fax: (907) 276-7110
bpsarianos@trustees.org
sbostrom@trustees.org
bbrisson@trustees.org

*Attorneys for Plaintiffs-Appellants*

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOVEREIGN IÑUPIAT FOR A LIVING ARCTIC, et al., | No. 23-35226 |
| *Plaintiffs-Appellants*, | On Appeal from the United States District Court for the District of Alaska |
| v. | |
| BUREAU OF LAND MANAGEMENT, et al., | |
| *Defendants-Appellees*, | No. 3:23-cv-00058-SLG Hon. Sharon L. Gleason |
| CONOCOPHILLIPS ALASKA, INC., et al., | |
| *Intervenor-Defendants-Appellees*. | |

**MOTION TO MODIFY BRIEFING SCHEDULE ON PLAINTIFFS-APPELLANTS' EMERGENCY MOTION**

Plaintiffs-Appellants Sovereign Iñupiat for a Living Arctic et al. (Plaintiffs) respectfully move to modify the briefing schedule entered on April 6, Dkt. 7,

1

regarding their emergency motion for an injunction pending appeal of the district court's denial of Plaintiffs' motion for preliminary injunction. Defendants-Appellees and Intervenor-Defendant-Appellees oppose the motion.

As indicated in Plaintiffs' emergency motion certificate, Intervenor ConocoPhillips Alaska, Inc. (ConocoPhillips) has already begun ground-disturbing construction activities for its oil development project (Willow Project) in the Western Arctic. Dkt. 5-1 at 6–7. The construction season in the Arctic is limited to the winter season and is expected to end by approximately April 25, depending on weather conditions. *Id.* at 8. During that time, and absent relief from this Court, these construction activities — which include gravel mine blasting and excavation and road building — will cause Plaintiffs' members and the environment significant irreparable harm. *Id.* at 23–28 (detailing both immediate and permanent impacts to Plaintiffs' members' use and enjoyment of the construction area, including harm to subsistence practices).

Plaintiffs moved as expeditiously as possible in the district court and in this Court to protect their interests. Plaintiffs filed their lawsuit one day after the public release of the decision approving the Project. Dkt. 5-5 (Ex. 4). Two days later, Plaintiffs filed a motion for a preliminary injunction. Dkt. 5-6. By agreement with the government and ConocoPhillips, the company deferred any ground-disturbing construction activities until April 4 to give the parties and the district court the

opportunity to address Plaintiffs' motion. Dkt. 5-7 at 4–5. The district court denied the motion on April 3. Dkt. 5-23 at 44. ConocoPhillips declined to further defer project work and initiated ground-disturbing construction activities the next day, on April 4. *See* Dkt. 5-1 at 7–8.

Plaintiffs filed this appeal on April 3, Dkt. 5-24, and a motion for injunction pending appeal with the district court the following day, Dkt. 5-25. The district court denied the motion on April 4, Dkt. 5-26. Plaintiffs filed the pending motion for injunction pending appeal with this Court the next day, Dkt. 5-1. Plaintiffs requested a decision on the motion by April 7. Dkt. 5-1.

On the current briefing schedule set by the Court, Dkt. 7, and depending on the interval between the end of briefing and a decision by the Court, it is likely that half, and maybe more, of the construction work anticipated to occur this year will be complete before a decision on Plaintiffs' emergency motion is rendered. As a result, a significant portion of the harm the motion seeks to avoid would likely occur. For this appeal of the denial of the preliminary injunction to be meaningful for Plaintiffs, a more expedited briefing schedule is important and warranted.

Accordingly, Plaintiffs request a shortened briefing schedule to ensure that this Court, if it rules in Plaintiffs' favor, is able to grant Plaintiffs meaningful and prompt relief. Specifically, Plaintiffs ask that responses to Plaintiffs' motion be due on Monday, April 10, instead of on Thursday, April 13. Plaintiffs request one

day for an optional reply; in the interest of securing a prompt decision, Plaintiffs may elect not to file one and will notify the court accordingly.[1] For the reasons described, Plaintiffs also respectfully ask this Court for a decision on their emergency motion as soon as possible following the completion of briefing.

Respectfully submitted this 7th day of April, 2023.

*s/ Suzanne Bostrom*
Bridget Psarianos (AK Bar No. 1705025)
Suzanne Bostrom (AK Bar No. 1011068)
Brook Brisson (AK Bar No. 0905013)
TRUSTEES FOR ALASKA

*Attorneys for Plaintiffs-Appellants*

---

[1] Such a schedule is consistent with the schedule adopted by the Court in prior litigation between the parties over the Willow Project, which involved a similar posture. *See Sovereign Iñupiat for a Living Arctic v. Bureau of Land Mgmt.*, No. 21-35085 (9th Cir. Feb. 5, 2021), Dkt. 8 (setting response deadline for five days after filing of plaintiffs' emergency motion for injunction pending appeal and giving plaintiffs one day for optional reply).

## CERTIFICATE OF COMPLIANCE

I certify that:

(i) This document uses proportionally spaced, 14-point, roman style font and therefore complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 32(a)(5) and (6); and

(ii) This document contains 628 words, excluding items exempted by Federal Rule of Appellate Procedure 32(f). When divided by 280, the word length of this document does not exceed 20 pages in compliance with Circuit Rules 27-1(1)(d) and 32-3(2).

Dated: April 7, 2023          *s/ Suzanne Bostrom*
                              Suzanne Bostrom